

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-82,426-02

**EX PARTE ROBERT JESSE PADILLA, JR., Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 06-921-K368 IN THE 368TH DISTRICT COURT
### FROM WILLIAMSON COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession with intent to deliver a controlled substance in a drug free zone, and was sentenced to fifteen years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance and that his plea was not knowingly and voluntarily entered. Applicant alleges that counsel gave him

---

[1]This Court has reviewed Applicant's other claims, and finds them to be without merit.

erroneous advice to the effect that he would serve his sentence concurrently with a federal sentence, and that he would be released to parole as soon as he was finished serving his federal time. Applicant also alleges that trial counsel told him that he could receive a thirty-five year sentence if he did not plead guilty pursuant to this agreement.

The plea admonishments and the judgment in the habeas record indicate that Applicant was admonished as to the punishment range for a first degree felony, and that he pleaded guilty to a first degree felony offense with no enhancements. However, the offense as charged in the indictment should have been an "enhanced" second degree felony. The drug free zone allegation in this case would have had the effect of raising the minimum punishment and doubling the available fine, but would not have increased the degree of the offense or the maximum available punishment. There is no information in the record regarding Applicant's federal sentence(s).

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient

performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions of law as to whether Applicant's guilty plea was knowingly and voluntarily entered with a full understanding of the nature and consequences of that plea. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: January 14, 2015
Do not publish